IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYLVESTER SHOCKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-216-SLR |
| | ) |
| RONALD HOSTERMAN and THOMAS | ) |
| CARROLL, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 21st day of June, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the case is dismissed, without prejudice, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Sylvester Shockley, an inmate at the Delaware Correctional Center, Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears pro se and has been granted leave to proceed in forma pauperis. Plaintiff alleges violations of his constitutional right to equal protection and due process, retaliation, unlawful removal from his prison job, reclassification, deprivation of the right to earn good time credits and monthly wages, and violations of state rules and regulations.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks

redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

4. **Discussion**. Plaintiff alleges he was employed in the prison braille program room. On January 6, 2006, corrections officers conducted a shakedown and found unauthorized items. The next day, plaintiff was charged with disciplinary violations for possession of dangerous contraband, abuse of privileges, and failure to obey an order. Two other inmate workers were also charged with disciplinary violations. Pursuant to standard prison procedures, plaintiff, as well as the other two inmate workers, were suspended from their work assignments pending outcomes of disciplinary hearings.

5. Following his hearing, plaintiff was found "not guilty" on all charges. One of the other inmate workers pled guilty and was dismissed from the program and the other inmate worker was found guilty of having unauthorized items. Plaintiff was reinstated to his work assignment; however, on February 13, 2006, he and others were told not to report to work the following day. Plaintiff attempted to report for work on February 15, 2006, but was informed that defendant Ronald Hosterman ("Hosterman") ordered plaintiff and the other reinstated worker suspended pending a reclassification hearing before the Multi-Disciplinary Team ("MDT").

6. Plaintiff learned he was dismissed from his job due to the unauthorized items

discovered during the shakedown and wrote a letter to defendant Warden Carroll ("Warden Carroll") requesting an explanation for the decision to suspend him. Warden Carroll did not respond to plaintiff's letter. Plaintiff also filed a grievance regarding his dismissal, stating that Hosterman failed to follow departmental policies and procedures in suspending plaintiff from his work assignment and, therefore, violated his due process rights. The grievance was denied on March 3, 2006, as a "classification issue."

7. A reclassification hearing was held before the MDT on March 6, 2006. The MDT recommended to the Institutional Base Classification Committee ("IBCC") that plaintiff be reclassified out of the braille program. Plaintiff alleges the only reason for its recommendation was Hosterman's recommendation that plaintiff be reclassified. Plaintiff alleges that the other suspended prison worker was reinstated to his job.

8. Plaintiff appealed the reclassification to the IBCC and requested reinstatement to his work assignment. Plaintiff alleges that the IBCC approved his reinstatement but that Hosterman intervened and thereby prevented plaintiff's return to the program. Plaintiff sent Warden Carroll two letters of appeal, the final one on May 30, 2006, but he received no responses. Plaintiff received a letter dated April 25, 2006, that a decision had been made to dismiss him from the braille program because of the contraband found during the shakedown and a second letter dated May 31, 2006, advising of his dismissal from the program.

9. Plaintiff alleges he was removed from his work assignment in retaliation for being found "not guilty" of the charges stemming from the January 6, 2006 shakedown, the classification system is being used as a means of punishment and deterrence, there

is a tacit agreement among defendants and prison staff to prevent plaintiff's return to his work assignment, and defendants discriminated against plaintiff by violating established guidelines and rules of conduct relating to inmate institutional adjustment.

10. **Reclassification/Work Assignment.** Plaintiff's main complaint is that he was unlawfully, and without a valid reason, removed from his work assignment and reclassified by the IBCC. Plaintiff alleges his treatment differed from similarly situated inmates. Initially, the court notes that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Moreover, neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. See Del. Code Ann 11, § 6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" Hewitt v. Helms, 459 U.S. 460, 468 (1983) (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)); Moody v. Daggett, 429 U.S. 78 (1976 ); see also Lott v. Arroyo, 785 F.Supp. 508, 509 (E.D. Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); Brown v. Cunningham, 730 F.Supp. 612 (D. Del. 1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest).

-5-

11. Under Delaware law, a prisoner's work assignment is not a protected interest. In order for plaintiff to state a claim that he was deprived of employment, he must have a property or liberty interest in the opportunity. Clough v. State, 686 A.2d 158, 159 (Del. 1996) (citing James v. Quinlan, 866 F.2d 627, 629 (3d. Cir. 1989)). Prisoners have no entitlement to a specific job, or even to any job. James v. Quinlan, 866 F.2d at 630. Similarly, the Due Process Clause does not guarantee the right to earn good-time credits. Abdul-Akbar v. Department of Corr., 910 F.Supp. 986, 1003 (D. Del. 1995). The claims based upon plaintiff's removal from his work assignment, reclassification, and loss of opportunity to earn good time credits have no arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

12. **Retaliation.** Plaintiff alleges the reassignment from his work assignment was in retaliation for the "not guilty" finding of the charges brought against him as a result of the January 6, 2006 shakedown. Proof of a retaliation requires that plaintiff demonstrate (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. Anderson v. Davila, 125 F.3d 148, 160-61 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U . S. 274 (1977). In this case, the protected activity identified by plaintiff is his participation in a disciplinary hearing; the adverse action identified by plaintiff is the loss of his prison job; and the retaliatory motive identified by plaintiff is the fact that prison authorities found him "not guilty" of the charges following the hearing. Given that plaintiff has no protected interest in a prison job or in any particular classification, that the actual decision-makers either

-6-

granted plaintiff relief (the hearing officers(s)) or had the authority to reclassify plaintiff based on a myriad of factors (the MDT/IBCC), and that none of the decision-makers are among the named defendants, the court concludes that plaintiff has not alleged facts sufficient to withstand scrutiny under §§ 1915A and 1915(e). The retaliation claim has no arguable basis in law or in fact and it is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

13. **Discrimination**. Plaintiff raises an equal protection claim alleging discrimination because he was removed from his work assignment when he was found "not guilty" of violating prison rules, but another inmate worker who was found guilty of violating prison rules was reinstated to his prison job. Plaintiff alleges this treatment violated his right to due process and equal protection. As discussed above, plaintiff has no due process right to employment.

14. Under the equal protection clause, persons who are similarly situated should be treated in the same manner. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). To state a claim for an equal protection violation in a prison setting, an inmate "must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination. . . .He must also show that the disparity in treatment cannot survive the appropriate level of scrutiny, which, in a prison setting, means that [a plaintiff] must demonstrate that his treatment was not 'reasonably related to [any] legitimate penological interests.'" Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005) (internal citation, quotation marks, and alterations omitted); see also

Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir.1985). Courts have consistently held that, in the absence of a fundamental right or a protected class, equal protection only requires that a regulation which results in unequal treatment of an inmate bear some rational relationship to a legitimate penological interest. See McGinnis v. Royster, 410 U.S. 263 (1973); Hodges v. Klein, 562 F.2d 276 (3d Cir.1977).

15. Plaintiff does not allege interference of a fundamental right or that he is a member of a protected class. He alleges a difference in treatment from another inmate worker. The inmate worker was found guilty of violations and reinstated to his job, while plaintiff, who was found not guilty of violations following the January 6, 2006 shakedown was removed from his job. The complaint clearly alleges, however, that plaintiff was dismissed from his job based upon trust issues and the contraband found at the worksite during the shakedown. Even if plaintiff were treated differently, it is evident from his allegations that said treatment had a rational relationship to a legitimate penological interest of maintaining security and order in the prison. The discrimination/equal protection claim has no arguable basis in law or in fact. It is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

16. **Conclusion.** Based upon the foregoing analysis, the complaint is dismissed, without prejudice, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A. Amendment of the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976). Plaintiff is not required

to pay any previously assessed fees or the $350.00 filing fee. The clerk of the court is directed to send a copy of this order to the appropriate prison business office.

                                                                  _____
                                                                  UNITED STATES DISTRICT JUDGE